Norman J. WOODS; Estate of Norman Woods, Deborah Thomas, Administratrix v. Aprel Ann WOODS

[641 A.2d 363]

No. 92-456

February 18, 1994. The sole issue in this case is whether the death of a party to a divorce action abates the action when the death occurs after the divorce decree has been issued, but before the nisi period has expired. Deborah Thomas, administratrix of the estate of Norman Woods, appeals from the family court's orders vacating the decree and dismissing the action. The administratrix also appeals the denial of her motion to reopen the decree to revise the nisi period.

These issues were recently resolved in *Estate of Ladd v. Estate of Ladd*, 161 Vt. 270, 640 A.2d 29 (1994), wherein we held that the husband's death within the nisi period abated the parties' divorce, but did not terminate a separation agree-

ment, which was intended by the parties to stand independent of the divorce decree. *Id.* at 276–77, 640 A.2d at 33. Here, there is no independent separation agreement, and we can discern no reason to differentiate this case from *Ladd*. Accordingly, we affirm the decisions of the trial court.

*Affirmed.*

**Morse, J.,** dissenting. What was feared—that an ancient rule stripped of its purpose over time would visit misfortune upon a hapless litigant—was avoided in *Estate of Ladd v. Estate of Ladd*, 161 Vt. 270, 640 A.2d 29 (1994), by resort to the law of contracts. Here, the divorcing parties contested the division of their marital property, and the family court decided the issue. Why the law of contracts saved the day in *Ladd* and some analogous doctrine of common sense does not save the day here is as senseless as the ancient rule invoked in the first place. *Id.* at 279, 640 A.2d at 34 (Morse, J., dissenting).

It seems to me that the trial court's judgment dividing property in a divorce has as much power to dispel the black magic created when death precedes the running of the nisi period as a stipulation dividing the property. Neither party appealed after the issuance of the trial court's final order. The Court in this case does not even address why there is a meaningful distinction between a stipulation of the parties and an acceptance of the court's final order by failing to appeal.

The Court, I presume, trusts that the legislature will repeal this odious effect of the nisi decree upon the assumption that the legislature created it. What the Court ignores, however, is that the unfortunate gloss was not the legislature's, but the Court's. *Id.* at 272–73, 640 A.2d at 30–31 (discussing the origin of the problem, *In re*

*Hanrahan's Will,* 109 Vt. 108, 128, 194 A. 471, 481 (1937)). Since this Court created the problem, the Court should fix it.

I would reverse. Justice Johnson joins in this dissent.